# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-22634-Civ-COOKE/GOODMAN

BRYANT JUNCO,

      Plaintiff,

vs.

ADVENTIST HEALTH CARE SYSTEM,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before me is Defendant Adventist Health Care System's Motion to Dismiss Amended Complaint, or in the Alternative for a More Definite Statement ("Motion") (ECF No. 16). The Motion is fully briefed and ripe for adjudication. I have reviewed the Motion, the record, and the relevant legal authorities. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

Plaintiff Bryant Junco ("Plaintiff") brought this action against Defendant Adventist Health Care System ("Defendant"), alleging that Defendant "discriminated against [him] based on [his] sex" while he was working as a secretary for Defendant from 2014 to 2015. Amend. Compl., ECF No. 14, at ¶ 1. Specifically, Plaintiff claims that while he was working for Defendant's hospital in Tampa, Florida, he was subjected to "a vehemently offensive and hostile environment." *Id.* Plaintiff claims that his coworkers and supervisors at the hospital "constantly talked down to [him] and mocked/harassed [him] for being 'the only male secretary,'" telling him that he had "'an old lady job'" and "must 'surely be homosexual.'" *Id.* Plaintiff further claims that after he complained about the alleged problem "Defendant retaliated against [him]," first "by trying to lower [his] rate of pay numerous times," and then "by terminating [his] employment and offering a fabricated reason of 'disregard for patient safety.'" *Id.* at ¶ 3. Finally, Plaintiff claims that Defendant has continued to retaliate against him after his termination, including by misrepresenting Plaintiff's "work

history/experience" to potential new employers. *Id.* at ¶ 2.

Following his termination, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). *See* Ex. to Compl., ECF No. 1-2, at p. 1. The EEOC ultimately dismissed Plaintiff's charge and issued a notice of his "right to sue" in federal court. *Id.* at p. 107. Plaintiff, acting *pro se*, timely filed his Complaint with this Court (ECF No. 1), attaching as an exhibit to his Complaint more than 100 pages of his EEOC record (ECF No. 1-2). In response, Defendant filed a Motion to Dismiss, or in the Alternative for a More Definite Statement (ECF No. 13). Plaintiff subsequently filed his Amended Complaint (ECF No. 14), rendering Defendant's earlier motion moot, and Defendant responded by filing the instant Motion (ECF No. 16). The instant Motion appears to be identical to Defendant's earlier motion, save for its references to the "Amended Complaint" instead of the "Complaint." Notably, Defendant's Motion describes the Amended Complaint as "unnecessarily lengthy" and a "'mass of verbiage,'" despite the fact that the Amended Complaint consists of three numbered paragraphs on a single page, with only eight pages of attached documents instead of the original 109 pages. Motion, ECF No. 16, at pp. 5–6 (citations omitted). Plaintiff has filed a Response in Opposition, acknowledging certain flaws in his first Complaint but arguing that his Amended Complaint "did comply" with the Federal Rules of Civil Procedure, particularly in light of his *pro se* status. Resp. in Opp., ECF No. 24, at p. 1.

## II. DISCUSSION

In order to state a claim under Federal Rule of Civil Procedure 8(a)(2), a complaint must set forth "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" thus "'giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the Rule "does not require 'detailed factual allegations,'" so long as the complaint "contain[s] sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (emphasis added) (quoting *Twombly*, 550 U.S. at 555, 570); *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) ("[C]omplaints alleging [employment] discrimination . . . must meet the 'plausibility standard' of *Twombly* and *Iqbal*."). "In the case of a *pro se* action, moreover, the court should construe the

complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

Here, Plaintiff's Amended Complaint, together with its attached exhibits, states a claim of employment discrimination that is sufficient to survive the instant Motion. *See Gross v. White*, 340 F. App'x 527, 533 (11th Cir. 2009) ("[I]n ruling on a motion to dismiss, [the court] may consider not only the complaint but also the exhibits attached to it."). Specifically, the Amended Complaint alleges that during his employment with Defendant Plaintiff was subjected to an "offensive and hostile environment," in which his coworkers and supervisors "constantly . . . mocked/harassed [him] for being 'the only male secretary,'" telling him that he had "'an old lady job'" and "must 'surely be homosexual.'" Amend. Compl., ECF No. 14, at ¶ 1. Plaintiff further alleges that Defendant's senior management was aware of the problem. *Id.* Plaintiff provides as an exhibit an email that he wrote to management two months into his employment, in which he stated that his supervisor's conduct was "oppressive, border line bullying [*sic*]," and left him "dreading returning to work the next day." Ex. to Compl., ECF No. 1-2, at p. 47. Proceeding on "the assumption that all the allegations in the complaint are true," *Twombly*, 550 U.S. at 555, Plaintiff has stated a claim of workplace harassment in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–2(a)(1); *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013) ("Title VII prohibits the creation of a hostile work environment," defined as an environment "so pervaded by discrimination that the terms and conditions of employment [are] altered").

Plaintiff also alleges that, after he complained about the harassment described above, "Defendant retaliated against [him]." Amend. Compl., ECF No. 14, at ¶ 3. Plaintiff claims that Defendant did so first "by trying to lower [Plaintiff's] rate of pay numerous times," and then "by terminating [his] employment and offering a fabricated reason of 'disregard for patient safety.'" *Id.* Finally, Plaintiff claims that Defendant has continued to retaliate against him after his termination, including by falsely informing potential new employers that Defendant "ha[s] no record of [Plaintiff's] employment" and that Plaintiff "had lower lever positions" than he actually held. *Id.* at ¶ 2. Taking these allegations as true, Plaintiff has sufficiently stated a claim of retaliation under Title VII. *See* 42 U.S.C. § 2000e-3(a); *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012) ("Title VII prohibits employers from retaliating against an employee 'because []he has opposed any . . . unlawful employment practice.'");

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997) (a plaintiff "may bring suit against his former employer for *postemployment* actions allegedly taken in retaliation" for his opposition to the employer's discriminatory conduct (emphasis added)).

In the alternative to moving for dismissal under Rule 12(b)(6), Defendant argues that Plaintiff should be required to set forth a more definite statement of his claims pursuant to Rule 12(e). Motion, ECF No. 16, at p. 6. Defendant argues that such a remedy is appropriate in cases where "the allegations are so extensive and jumbled that the defendant cannot be expected to sort out what is being alleged or against whom." *Id.* at p. 5. Defendant's argument is perplexing. As an active party in the EEOC matter that preceded this lawsuit, Defendant is no stranger to the claims in Plaintiff's Amended Complaint. Nor is the Amended Complaint, occupying all of one page, so "unnecessarily lengthy" that Defendant will be "saddle[d] . . . with the burden of laboring through [it] in an attempt to answer its myriad of allegations." *Id.* at pp. 5–6. In short, Defendant is sufficiently on notice of Plaintiff's claims, and those claims are not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### III. CONCLUSION

For the reasons outlined above, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint, or in the Alternative for a More Definite Statement (ECF No. 16) is **DENIED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 24th day of September 2018.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*